# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN DOUGLAS MILLINER, JR., <br><br> Plaintiff, <br> v. <br><br> WARDEN OWENS; CAMDEN COUNTY JAIL, <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-08116 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

John Douglas Milliner, Jr., Plaintiff Pro Se
520 Cloverdale Rd.
Blackwood, NJ 08012

**SIMANDLE, Chief District Judge:**

    1. Plaintiff John Douglas Milliner, Jr., seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden Owens ("Warden") and the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

    2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint with prejudice in part and dismiss the complaint without prejudice in part for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

2

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

    6.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while

---

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

exercising his responsibilities pursuant to state law." *Id.* at 50.

7.  Because Plaintiff has not sufficiently alleged that a person deprived him of a federal right, the complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983 and to survive this Court's review under § 1915. Plaintiff alleges he experienced unconstitutional conditions of confinement on October 25, 2013, and from November 27 to November 28, 2013, March 18 to March 19, 2015, May 20 to May 26, 2015, and January 13 to February 12, 2016. Complaint § III. Regarding the facts of Plaintiff's claim, the complaint states only: "I was placed in cells with more than 2 inmates and had to sleep on the floor next to the urinal." *Id.* Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the

Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

9. Moreover, even if Plaintiff's allegations were enough to set forth a claim for a deprivation of a constitutional right, Plaintiff has not alleged sufficient facts demonstrating that a person acting under color of state law may be held liable for the alleged constitutional violations.

10. Plaintiff has not pled sufficient facts to support an inference that the Warden was personally involved in either the creation of, or failure to address, the conditions of his confinement. State actors are liable only for their own unconstitutional conduct and may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). Plaintiff has made no allegations regarding the conduct or actions of the Warden.

11. In addition, though the Warden may be a proper defendant in a § 1983 action, the CCJ may not be sued under § 1983. Plaintiff seeks monetary damages from CCJ for the allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

12. Finally, to the extent the complaint seeks relief for conditions Plaintiff encountered during confinements ending prior to November 1, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late.[3] Civil rights claims under § 1983 are governed by New Jersey's limitations period for

---

[3] Plaintiff filed his complaint on November 1, 2016.

personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

13. Plaintiff alleges the events giving rise to his claims occurred on October 25, 2013, and from November 27 to November 28, 2013, March 18 to March 19, 2015, May 20 to May 26, 2015, and January 13 to February 12, 2016. Complaint § III. The allegedly unconstitutional conditions of confinement at CCJ, namely the overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's 2013 claims expired in 2015, well before this complaint was filed in 2016. Plaintiff therefore cannot recover for these claims.[4]

---

[4] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

14. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order. However, in the event Plaintiff does elect to file an amended complaint, he should focus only on the facts of his 2015 and 2016 confinements. Because Plaintiff's 2013 claims must be dismissed with prejudice, Plaintiff may not assert these claims in the amended complaint.

15. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[5] *Id.*

16. For the reasons stated above, Plaintiff's claims against the CCJ are dismissed with prejudice because the CCJ is not a person under § 1983. Plaintiff's claims arising from

---

[5] The amended complaint shall be subject to screening prior to service.

Plaintiff's confinements in 2013 are barred by the statute of limitations and therefore are dismissed with prejudice. The remainder of the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

    17. An appropriate order follows.

**April 17, 2017**                         **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                            Chief U.S. District Judge